FILED

2011 OCT 18  AM 10: 33

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

BROWNE GEORGE ROSS LLP
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
Michael A. Bowse (State Bar No. 189659)
  mbowse@bgrfirm.com
Ira Bibbero (State Bar No. 217518)
  ibibbero@bgrfirm.com
Peter Shimamoto (State Bar No. 123422)
  pshimamoto@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiffs Estate of Robert
Graham; Chuck Close; Laddie John Dill
and All Others Similarly Situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ESTATE OF ROBERT GRAHAM; CHUCK CLOSE; LADDIE JOHN DILL; individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SOTHEBY'S, INC., a New York corporation, <br><br> Defendant. | Case No. **CV11-8604-JHN (FFMx)** <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** <br><br> Trial Date: None Set |

299896.1

1    Plaintiffs Estate of Robert Graham; Chuck Close; Laddie John Dill

2 ("Plaintiffs"), individually and on behalf of all others similarly situated allege as

3 follows:

### INTRODUCTION

5    1.    This class action lawsuit targets the willful and systematic violation by

6 defendant Sotheby's of its California law obligation to pay royalties to U.S. artists

7 and their estates on artworks sold either in California or at auction by California

8 sellers.  To redress Sotheby's denial of rights to artists and estates under California's

9 "Resale Royalties Act," the plaintiff class herein seeks (i) the payment of all

10 royalties due but not paid under that Act throughout the class periods (as set forth in

11 the class definitions below), together with interest thereon, (ii) the imposition of

12 punitive damages for Sotheby's intentional election to flout the law, and (iii) the

13 issuance of appropriate injunctive and declaratory relief to ensure Sotheby's

14 complies with its obligations under the Resale Royalties Act for all future auctions

15 involving California sellers, and for all future sales that take place in California.

### PARTIES

17    2.    Plaintiff Estate of Robert Graham is the heir, legatee and/or personal

18 representative of artist Robert Graham, and has its principal place of business in Los

19 Angeles County, California.

20    3.    Plaintiff Chuck Close is an artist living in the state of New York.

21    4.    Plaintiff Laddie John Dill is an artist living in Los Angeles County,

22 California.

23    5.    Defendant Sotheby's, Inc. is a corporation organized and existing under

24 and by virtue of the laws of the State of New York, having its principal place of

25 business in New York, and an additional presence in the County of Los Angeles.

26

27

28

299896.1

-1-

CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

6.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), as the amount in controversy exceeds $5 million and many Class members are citizens of a state different from Defendant.

7.    This court has personal jurisdiction over Defendant, which regularly conducts business in this State.

8.    Venue is proper within this District and Division pursuant to 28 U.S.C. §1391(b), because a substantial part of the events and omissions giving rise to the claims occurred in this District, and because there is personal jurisdiction in this District over Defendant because it regularly conducts business in this District.

## FACTUAL ALLEGATIONS

**Sotheby's Failure to Comply with California's Resale Royalties Act**

9.    Through auctions conducted during the class periods, Sotheby's sold and acted as the seller's agent in connection with the sale of works of Fine Art – defined herein as original paintings, drawings, sculptures and original works of art in glass, created by U.S. citizen artists – on behalf of California sellers.  In addition to the foregoing auctions, Sotheby's sold works of Fine Art through sales – whether private or otherwise – that took place in California during the class periods.

10.    Under California's Resale Royalties Act (section 986 of California's Civil Code) (the "Act"), Sotheby's was required to withhold at the time of the auction or sale, and then pay to the artist (or agent or estate thereof) within 90 days, five percent of the amount of such sales (herein, the "Royalty").  More specifically, the Act obligated Sotheby's to remit the Royalty when it sold the Fine Art (i) "at an auction" and/or (ii) when otherwise serving as the "seller's agent."

11.    Sotheby's failed and refused to pay the Royalty owed to the plaintiffs and class members, and also failed and refused to apprise plaintiffs and class members when a Fine Art sale occurred that would entitle class members to the

1   Royalty due. (Nor did Sotheby's, as required by the Act – where "unable to locate

2   and pay the artist within 90 days" – transfer the amount of the Royalty to

3   California's Art Council, for deposit "in an account in the Special Deposit Fund in

4   the State Treasury.")

5          12.    Worse still, Sotheby's affirmatively engaged in a pattern of conduct

6   intended to conceal from plaintiffs and class members those circumstances in which

7   a Fine Art sale – because it involved a California resident seller, or because the sale

8   took place in California – entitled plaintiffs and class members to a Royalty.

9   Sotheby's custom and practice is to conceal the fact of a seller's California

10  residency, or the fact that a sale took place in California, from communications with

11  the public concerning auctions and sales of Fine Art. By way of several examples

12  Sotheby's auction catalogs generally conceal from the reader the state of residency

13  of a seller of Fine Arts, and Sotheby's will refuse – upon inquiry – to reveal said

14  information. None of these practices is necessary to maintain the anonymity of a

15  seller of Fine Art, since Sotheby's could – but refuses to – identify the state of

16  residency (and not the identity) of a Fine Art seller, or could otherwise denote by the

17  inclusion of a symbol in its catalog materials (as Sotheby's does for other

18  circumstances) that the lot is one for which the artist will be entitled to the Royalty

19  due under California law. Similarly, Sotheby's conceals information from the

20  public that would enable a reader to learn whether a non-auction sale of Fine Art

21  took place in California.

22         13.    Sotheby's, by engaging in the aforesaid practices, has successfully

23  stymied and prevented plaintiffs and the class members from reasonably discovering

24  the occurrence of auctions and sales for which a Royalty was due. Only Sotheby's,

25  through information it secretly maintains, possesses the knowledge to determine

26  which auctions and sales of Fine Art are ones for which a Royalty is due.

27

28

1 | **Auction Sales Where Sotheby's Failed to Pay Royalties to Plaintiffs**

2 |      14.    On information and belief, plaintiffs allege that they are each owed

3 | Royalties in connection with the sale of works of Fine Art by Sotheby's.  However,

4 | because of Sotheby's acts of concealment, Plaintiffs at this time can only surmise

5 | the total amount of Royalties owed to them.

6 |      15.    As a consequence of Sotheby's violations of the foregoing legal

7 | obligations, the plaintiffs and class members have not received the Royalty due to

8 | them in connection with the resale of their works of Fine Art.

9 | **CLASS ALLEGATIONS**

10 |      16.    As the Act permits an "action for damages within three years after the

11 | date of sale or one year after the discovery of the sale, whichever is longer" (Civil

12 | Code section 986(a)(3)), the plaintiff Class herein shall be divided as follows:

13 |           (1)    All Artists – and the Estates of such Artists – who created a work

14 |                   of Fine Art for which a Royalty was not paid when a California

15 |                   resident sold the artwork at an auction organized or conducted by

16 |                   Sotheby's, or when the sale took place in California, within three

17 |                   years of the filing of this action.

18 |           (2)    All Artists – and the Estates of such Artists – who created a work

19 |                   of Fine Art for which a Royalty was not paid when a California

20 |                   resident sold the artwork at an auction organized or conducted by

21 |                   Sotheby's, or when the sale took place in California, three or

22 |                   more years before the filing of this action, but for which

23 |                   Sotheby's never disclosed in any auction catalog or other writing

24 |                   to the Artist that the seller was a California resident or that the

25 |                   sale took place in California.

26 |     In defining the foregoing classes:

27 |     -  "Artist" shall mean a person who created a work of Fine Art and who, at

28 |

-4-

CLASS ACTION COMPLAINT

1    the time of resale, was a citizen of the United States, or had resided in

2    California for two or more years.

3    -    "Estates" shall mean the heirs, legatees, and/or personal representatives of

4    an Artist who died no more than twenty years prior to the filing of this

5    action; and

6    -    "Fine Art" shall mean an original painting, sculpture, or drawing, or an

7    original work of art in glass, and shall exclude (a) the initial sale of such

8    work where legal title is vested in the artist thereof; (b) the resale of such

9    work for a gross sales price of (or consideration of other artworks, cash

10   and/or property that amounts to) less than one thousand dollars ($1,000);

11   (c) the resale of such work for a gross sales price less than the purchase

12   price paid by the seller; (d) the resale of such work by an art dealer within

13   10 years of the initial sale of the work by the artist to an art dealer,

14   provided all intervening resales were between art dealers; and (e) any work

15   of stained glass artistry that has been permanently attached to real property

16   and sold as part of the sale of said real property.

17       17.    Excluded from the Class are Defendant, Defendant's officers, directors

18   and employees, and the Court and its immediate family members.

19       18.    Plaintiffs reserve the right to amend or otherwise alter the class

20   definition presented to the Court at the appropriate time, or to propose sub-classes in

21   response to facts learned through discovery or legal arguments advanced by

22   Defendant or otherwise.

23       19.    This action has been brought and may be properly maintained as a class

24   action pursuant to the provisions of Federal Rule of Civil Procedure 23 and other

25   applicable law.

26       20.    Numerosity: The Class is so numerous that the individual joinder of all

27   members thereof is impracticable under the circumstances of this case. While the

28

1  exact number of Class members is unknown at this time, Plaintiffs are informed and

2  believe that the proposed Class consists of at least several hundred members.

3       21.    Commonality: Common questions of law or fact are shared by Class

4  members. This action is suitable for class treatment, because these common

5  questions of fact and law predominate over any individual issues. Such common

6  questions include, but are not limited to, the following:

7          (a)    Whether Defendant violated the Act by failing to pay Royalties

8               to Plaintiffs and Class members;

9          (b)    Whether Plaintiffs and Class members are entitled to damages;

10         (c)    Whether Plaintiffs and Class members are entitled to punitive

11              damages due to Defendant's willful violations of the Act; and

12         (d)    Whether Plaintiffs and Class members are entitled to injunctive

13              relief to insure Defendant's compliance with the Act prospectively.

14      22.    Typicality: Plaintiffs' claims are typical of the claims of absent Class

15 members. Plaintiffs and the other Class members were subjected to the same kind

16 of unlawful conduct (Defendant's failure to pay Royalties under the Act) and the

17 claims of Plaintiffs and the other Class members are based on the same legal

18 theories.

19      23.    Adequacy: Plaintiffs are adequate representatives of the Class because

20 their interests do not conflict with the interests of the other members of the Class

21 that Plaintiffs seek to represent. Plaintiffs have retained counsel competent and

22 experienced in complex class action litigation and Plaintiffs intend on prosecuting

23 this action vigorously. The interests of Class members will be fairly and adequately

24 protected by Plaintiffs and their counsel.

25      24.    Ascertainable Class: The proposed Class is ascertainable in that the

26 members can be identified and located using information contained in Defendant's

27 records.

28

299896.1

CLASS ACTION COMPLAINT

1    25.    Superiority and Substantial Benefit:  A class action is superior to other

2  available means for the fair and efficient adjudication of Plaintiffs' and Class

3  members' claims.  The damages suffered by each individual Class member may be

4  limited.  Given the burden and expense of individual prosecution of the claims at

5  issue, it would be virtually impossible for all Class members to redress the wrongs

6  done to them on an individual basis.  Even if members of the Class could afford

7  such individual litigation, the court system could not.  Individualized litigation

8  increases the delay and expense to all parties and the court system, due to the

9  complex legal and factual issues of the case.  By contrast, the class action device

10  presents far fewer management difficulties, and provides the benefits of single

11  adjudication, economy of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION

#### Violation of California's Resale Royalties Act ("Act")

#### Civil Code § 986

15    26.    Plaintiffs incorporate all preceding paragraphs as if fully set forth

16  herein.

17    27.    Sotheby's violated California Civil Code section 986 by failing and

18  refusing to pay Royalties due to U.S. artists and their estates.

19    28.    More specifically, throughout the class periods (as set forth in the

20  accompanying class definitions), Sotheby's sold works of Fine Art both (i) in

21  California and (ii) at auction by California sellers.

22    29.    In connection with such sales, Sotheby's failed and refused to pay the

23  Royalties due to (i) those artists who, at the time of resale, were citizens of the

24  United States, or had resided in California for two or more years, or (ii) to the heirs,

25  legatees and/or personal representatives of such artists who died twenty years (or

26  fewer) prior to the filing of this action.

27

28

299896.1

-7-

CLASS ACTION COMPLAINT

1  30.  Sotheby's made no meaningful effort to locate any artists – or the heirs,

2  legatees and/or personal or representatives of such artists – to whom Royalties were

3  owed.

4  31.  Sotheby's also failed, in connection with such sales, to transfer to the

5  California Arts Council the amounts of such Royalties otherwise due to the artists.

6  32.  Plaintiffs and Class members are entitled to the recovery of all

7  Royalties, together with interest thereon, arising from the sale of their works of fine

8  art; to an award of punitive damages; to their costs of suit, including reasonable

9  attorney's fees incurred herein; and to such other and further relief as may be

10  deemed proper to address Sotheby's denial of rights to artists and estates under

11  California's "Resale Royalties Act."

## SECOND CAUSE OF ACTION

### Violation of California's Unfair Competition Law ("UCL")

### Bus. & Prof. Code §§ 17200, *et seq.*

15  33.  Plaintiffs incorporate all preceding paragraphs as if fully set forth

16  herein.

17  34.  Plaintiffs bring this cause of action on behalf of themselves, and on

18  behalf of the Class members, against Sotheby's for its unlawful and/or unfair

19  business acts and/or practices pursuant to the UCL, which prohibits all such acts

20  and/or practices.

21  35.  Plaintiffs assert these claims as they are representatives of an aggrieved

22  group whose funds Sotheby's has unlawfully retained and which funds Sotheby's

23  should be required to pay under the UCL's restitutionary remedy.

24  36.  The instant claim is predicated on Sotheby's willful failure to comply

25  with the Act.

26  37.  By engaging in the above-described acts and practices, Sotheby's has

27  committed one or more acts of unfair competition within the meaning of UCL.

28

299896.1

-8-

1    38.    Sotheby's misconduct, as alleged herein, gave it an unfair competitive

2    advantage over those of its competitors who comply with the Act.

3    39.    Unlawful:  The unlawful acts and practices of Sotheby's alleged above

4    constitute unlawful business acts and/or practices within the meaning of UCL.

5    Sotheby's unlawful business acts and/or practices as alleged herein violated

6    California Civil Code § 986.

7    40.    Unfair:  Sotheby's misconduct as alleged herein was unfair because it

8    offends established public policy or is immoral, unethical, oppressive, unscrupulous

9    or substantially injurious to consumers.

10    41.    Sotheby's misconduct as alleged herein was unfair because (i) it caused

11    Plaintiffs and class members substantial injury by, among other things, depriving

12    them of Royalties to which they were lawfully entitled for works of Fine Art that

13    they created, (ii) there were absolutely no countervailing benefits to Artists or to

14    competition that could possibly outweigh this substantial injury, and (iii) this injury

15    could not have been avoided or even discovered by the Artists, because it resulted

16    from Sotheby's failure to comply with the Act by locating and paying to Artists the

17    pay Royalties due to them, and Sotheby's concealment of the residences of the

18    sellers or the locations of sales.  Thus, Sotheby's acts and/or practices as alleged

19    herein were unfair within the meaning of the UCL.

20    42.    As a direct and proximate result of the aforementioned unlawful and

21    unfair practices, Sotheby's has deprived Plaintiffs and class members of the

22    Royalties to which they are entitled under California law.

23    43.    As a direct and proximate result of the aforementioned unlawful and

24    unfair practices, Sotheby's retained, and continues to hold, monies that rightfully

25    belong to Plaintiffs and class members.

26    44.    As a direct and proximate result of the aforementioned unlawful and

27    unfair practices, Plaintiffs and class members suffered substantial monetary losses

28

299896.1

-9-

CLASS ACTION COMPLAINT

1  and are entitled to restitution for the losses.  Plaintiffs and class members are direct

2  victims of Sotheby's unlawful conduct, and each has suffered injury in fact, and has

3  lost money or property as a result of Sotheby's unfair competition.

4         45.     The unlawful and unfair business practices of Sotheby's, as fully

5  described herein, present a continuing threat to members of the public, as Sotheby's

6  continues to fail to pay Royalties as required by the Act, as described herein.

7  Plaintiffs and other members of the general public have no other remedy of law that

8  will prevent Sotheby's misconduct as alleged herein from occurring and/or

9  reoccurring in the future.

10        46.     Plaintiffs and Class members are entitled to equitable relief, including

11 restitution; restitutionary disgorgement of sums acquired by Sotheby's because of its

12 unlawful and unfair acts and/or practices; attorney's fees and costs; declaratory

13 relief; and a permanent injunction enjoining Sotheby's from engaging in the

14 wrongful activity alleged herein.

15                                **PRAYER FOR RELIEF**

16        WHEREFORE, Plaintiffs pray for judgment as follows:

17        1.      For compensatory damages consisting of all royalties, together with

18 interest, owed to the classes.

19        2.      For disgorgement, restitution and/or rescission to return to the classes

20 all royalties belonging to said classes.

21        3.      For an award of punitive damages.

22        4.      For costs of suit, including attorney's fees herein incurred.

23        5.      For a permanent injunction enjoining the unlawful and unfair activity.

24

25 ///

26 ///

27 ///

28
299896.1

CLASS ACTION COMPLAINT

1    6.    For such other and further relief as the court may deem proper.

2

3    DATED:  October 17, 2011              BROWNE GEORGE ROSS LLP
                                           Eric M. George
4                                          Michael A. Bowse
                                           Ira Bibbero
5                                          Peter Shimamoto

6

7                                    By _____

8                                          Eric M. George

9                                    Attorneys for Plaintiffs
                                     Estate of Robert Graham; Chuck Close; Laddie
10                                   John Dill and All Others Similarly Situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

299896.1

-11-

CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury to the full extent permitted by law.

DATED:  October 17, 2011

BROWNE GEORGE ROSS LLP
Eric M. George
Michael A. Bowse
Ira Bibbero
Peter Shimamoto

By _____
Eric M. George

Attorneys for Plaintiffs
Estate of Robert Graham; Chuck Close; Laddie
John Dill and All Others Similarly Situated

299896.1

-12-

CLASS ACTION COMPLAINT