PAUL T. FRIEDMAN (CA SBN 98381)
PFriedman@mofo.com
DEANNE E. MAYNARD (*Pro Hac Vice*)
DMaynard@mofo.com
NANCY R. THOMAS (CA SBN 236185)
NThomas@mofo.com
MORRISON & FOERSTER LLP
707 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90017-3543
TELEPHONE: 213.892.5200
FACSIMILE: 213.892.5454

STEVEN A. REISS (*Pro Hac Vice*)
steven.reiss@weil.com
HOWARD B. COMET (*Pro Hac Vice*)
howard.comet@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
TELEPHONE: 212.310.8000
FACSIMILE: 212.310.8007

Attorneys for Defendant
SOTHEBY'S, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ROBERT GRAHAM; CHUCK CLOSE; LADDIE JOHN DILL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SOTHEBY'S, INC. ,<br><br>Defendant. | Case No. 2:11-cv-08604-MWF (FFMx)<br><br>**DEFENDANT SOTHEBY'S, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Hon. Michael W. Fitzgerald<br>Complaint filed: October 18, 2011 |

Defendant Sotheby's, Inc. ("Defendant" or "Sotheby's") answers as follows the allegations set forth in Plaintiffs' Complaint. Any and all allegations not specifically admitted herein are denied. No statement herein constitutes a comment on the legal theories upon which Plaintiffs purport to proceed. To the extent the Complaint asserts legal conclusions, those legal conclusions require no response in this Answer. To the extent any response is required to headings or other unnumbered paragraphs in the Complaint, Defendant denies the factual allegations, if any, contained in those headings or other unnumbered paragraphs.

The District Court and the Ninth Circuit have dismissed almost all of the claims alleged in the Complaint. Based on those rulings, to the extent the Complaint alleges claims by individual plaintiffs other than Chuck Close and Laddie John Dill or claims based on alleged sales of Fine Art outside California or in years other than 1977, no response is required in this Answer.

## INTRODUCTION

1. Defendant avers that almost all of the alleged claims referenced in Paragraph 1 have been dismissed by the District Court and the Ninth Circuit. Defendant admits that Plaintiffs purport to bring this action as a class action seeking certain remedies, but denies that any of Plaintiffs' claims have merit, that Plaintiffs can meet their burden to certify a class, or that Plaintiffs or putative class members are entitled to relief. Except as so admitted, and to the extent an answer is required, Defendant denies the allegations of Paragraph 1.

## PARTIES

2. The Estate of Robert Graham is longer an alleged party to this action. To the extent an answer to Paragraph 2 is required, Defendant denies the allegations of Paragraph 2.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and denies those allegations on that ground.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and denies those allegations on that ground.

5. Defendant admits the allegations of Paragraph 5.

## JURISDICTION AND VENUE

6. To the extent that Paragraph 6 purports to state legal conclusions, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 6.

7. To the extent that Paragraph 7 purports to state legal conclusions, no answer is required. Defendant admits that it regularly conducts business in California and denies any other factual allegations in Paragraph 7.

8. To the extent that Paragraph 8 purports to state legal conclusions, no answer is required. Defendant admits that it conducts business in this District and denies any other factual allegations in Paragraph 8.

## FACTUAL ALLEGATIONS

9. Defendant admits that it acted as an auctioneer for auctions of works of Fine Art in California in 1977. Except as so admitted, Defendant denies the allegations of Paragraph 9.

10. To the extent that Paragraph 10 purports to state legal conclusions, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 10.

11. To the extent that Paragraph 11 includes allegations concerning sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 11.

12. To the extent that Paragraph 12 includes allegations concerning sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 12.

2
DEFENDANT SOTHEBY'S, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

1  13. To the extent that Paragraph 13 includes allegations concerning sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 13.

14. To the extent that Paragraph 14 includes allegations concerning sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 14.

15. To the extent that Paragraph 15 purports to state legal conclusions or is based on sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 15.

## CLASS ALLEGATIONS

16. To the extent that Paragraph 16 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs purport to bring this action individually and on behalf of the purported sub-classes described in Paragraph 16, but avers that all claims by one of the purported sub-classes have been dismissed and denies that Plaintiffs can meet their burden to certify any class. Except as so admitted, Defendant denies the allegations of Paragraph 16.

17. Defendant admits that Plaintiffs purport to exclude the specified entities and people from the purported class referenced in Paragraph 16, but denies that Plaintiffs can meet their burden to certify any class. Except as so admitted, Defendant denies the allegations of Paragraph 17.

18. Paragraph 18 states no factual allegations and therefore no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 18.

3

DEFENDANT SOTHEBY'S, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

1    19.  To the extent that Paragraph 19 purports to state legal conclusions, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 19.

20.  To the extent that Paragraph 20 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent that an answer is required, Defendant denies the allegations of Paragraph 20.

21.  To the extent that Paragraph 21 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent that an answer is required, Defendant denies the allegations of Paragraph 21.

22.  To the extent that Paragraph 22 purports to state legal conclusions or is based on sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 22.

23.  To the extent that Paragraph 23 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 23.

24.  To the extent that Paragraph 24 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 24.

25.  To the extent that Paragraph 25 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 25.

DEFENDANT SOTHEBY'S, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

## FIRST CAUSE OF ACTION

**(Violation of California's Resale Royalty Act ("Act") Civil Code § 986)**

26. Defendant incorporates the preceding paragraphs of this Answer as if fully set forth here.

27. To the extent that Paragraph 26 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 27.

28. To the extent that Paragraph 28 is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 28.

29. To the extent that Paragraph 29 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 29.

30. To the extent that Paragraph 30 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 30.

31. To the extent that Paragraph 31 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 31.

32. To the extent that Paragraph 32 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 32.

## SECOND CAUSE OF ACTION

**(Violation of California's Unfair Competition Law ("UCL")  
Bus. & Prof. Code §§ 17200, *et seq.*)**

33. Defendant incorporates all preceding paragraphs of this Answer as if fully stated here.

34. Defendant admits that Plaintiffs purport to bring this action as a class action seeking certain remedies based on alleged violations of the UCL, but denies that any of Plaintiffs' claims have merit, that Plaintiffs can meet their burden to certify a class, or that Plaintiffs or putative class members are entitled to any relief. Except as so admitted, Defendant denies the allegations of Paragraph 34.

35. Defendant admits that Plaintiffs purport to bring this action as a class action seeking certain remedies based on alleged violations of the UCL, but denies that any of Plaintiffs' claims have merit, that Plaintiffs can meet their burden to certify any class, or that Plaintiffs or putative class members are entitled to any relief. Except as so admitted, Defendant denies the allegations of Paragraph 35.

36. To the extent that Paragraph 36 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 36.

37. To the extent that Paragraph 37 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 37.

38. To the extent that Paragraph 38 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 38.

39. To the extent that Paragraph 39 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 39.

40. To the extent that Paragraph 40 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 40.

41. To the extent that Paragraph 41 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 41.

42. To the extent that Paragraph 42 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 42.

43. To the extent that Paragraph 43 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 43.

44. To the extent that Paragraph 44 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 44.

45. To the extent that Paragraph 45 purports to state legal conclusions or is based on alleged sales outside California or in years other than 1977, no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 45.

46.   To the extent that Paragraph 46 purports to state legal conclusions or is based on alleged sales of Fine Art outside California or in years other than 1977, no answer is required.  To the extent an answer is required, Defendant denies the allegations of Paragraph 46.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the requested relief.

## DEFENSES

The defenses asserted herein are based on Defendant's knowledge, information and belief at this time, and Defendant specifically reserves the right to modify, amend or supplement any defenses contained herein.  In asserting defenses, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof and/or persuasion with respect to any matter as to which Plaintiffs have the burden of proof or persuasion.

Subject to the foregoing qualifications, Defendant alleges the following additional defenses to the Complaint:

## FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE
### (Payment)

Plaintiffs' claims, if any, are barred by the payment of royalties.

## THIRD DEFENSE
### (Statute of Limitations)

Plaintiffs' claims, if any, are barred by the Statute of Limitations.

## FOURTH DEFENSE

### (Takings Clause)

Plaintiffs' claims, if any, are barred by the Takings Clause of the United States and California Constitutions.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests the following relief:

1. That Plaintiffs take nothing by virtue of their Complaint;

2. That the Court dismiss the remaining portion of Plaintiffs' Complaint with prejudice;

3. That the Court render judgment in favor of Defendant;

4. That the Court award Defendant its reasonable costs, expenses and attorneys' fees;

5. That the Court grant Defendant such other and further relief as the Court deems just and proper.

Dated: August 28, 2018                     WEIL, GOTSHAL & MANGES LLP

                                          By:  /s/ Howard B. Comet
                                               HOWARD B. COMET

                                          Attorneys for Defendant
                                          SOTHEBY'S, INC.