PAUL T. FRIEDMAN (CA SBN 98381)
PFriedman@mofo.com
GREGORY B. KOLTUN (CA SBN 130454)
GKoltun@mofo.com
DEANNE E. MAYNARD *(D.C. Office, Pro Hac Vice)*
DMaynard@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile:  213.892.5454

STEVEN A. REISS *(Pro Hac Vice)*
steven.reiss@weil.com
HOWARD B. COMET *(Pro Hac Vice)*
howard.comet@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: 212. 310.8000
Facsimile:   212. 310.8007

Attorneys for Defendant
SOTHEBY'S INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ESTATE OF ROBERT GRAHAM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SOTHEBY'S, INC.,<br><br>Defendant. | CASE NO. 2:11-cv-08604-MWF (FFMx)<br><br>**DEFENDANT SOTHEBY'S INC.'S MOTION TO RENEW AND SUPPLEMENT ITS MOTION FOR ATTORNEYS' FEES**<br><br>Hon. Michael W. Fitzgerald<br>Date:  November 18, 2019<br>Time: 10:00 a.m.<br>Courtroom:  5A |

# **TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................ 2

    A.    Sotheby's CRRA Fee Claim ................................................................ 2

    B.    Sotheby's Fee Claim Against the Graham Plaintiff ............................ 4

ARGUMENT ..................................................................................................... 5

I.    Sotheby's is Entitled to a Fee Award Pursuant to the CRRA ...................... 5

    A.    The CRRA Fee-Shifting Provision is Enforceable ............................. 5

    B.    Sotheby's is the Prevailing Party on All of the Fee-Shifting Claims ................................................................................................. 6

    C.    Sotheby's is Entitled to a Fee Award at This Time ............................. 7

    D.    Sotheby's is Entitled to a Fee Award for Unsuccessful Arguments ........................................................................................... 9

    E.    California Law Does Not Require Apportionment of Sotheby's Fees .................................................................................................... 15

    F.    The Fees Should Not be Reduced Based on the Parties' Stakes ........ 16

    G.    The Fees Should Not be Reduced Based on Procedural Issues .......... 20

    H.    Sotheby's Should Recover its Fees for Its 2012 Fee Motion ............. 21

    I.    Sotheby's is Entitled to Fees for Settlement Negotiations ................. 22

II.    Sotheby's is Entitled to a Default Judgment Against the Graham Plaintiff ....................................................................................................... 23

III.    Sotheby' Fee Request Should be Granted .................................................. 24

CONCLUSION ................................................................................................ 25

1

# <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

**Cases**

4

*Albrecht v. Tkachenko*,
5
    2015 WL 2227607 (N.D. Cal. May 11, 2015) ..................................................... 16

6

*Alizadeh v. Safeway Stores, Inc.*,
7
    910 F.2d 234 (5th Cir. 1990) ............................................................................... 13

8

*Applied Med. Resources Corp. v. Tyco Healthcare Group, L.P.*,
    2014 WL 12577094 (C.D. Cal. Nov. 17, 2014) ................................................... 8
9

10

*Armstrong v. Davis*,
    318 F.3d 965 (9th Cir. 2003) ............................................................................... 9

11

12

*Bank of Lincolnwood v. Federal Leasing, Inc.*,
    622 F.2d 944 (7th Cir. 1980) ............................................................................... 8

13

*Barnes v. United States*,
14
    678 F.2d 10 (3d Cir. 1982) ................................................................................... 8

15

*Bender v. Freed*,
16
    436 F.3d 747 (7th Cir. 2006) ............................................................................. 21

17

*Butler v. Frett*,
18
    2006 WL 1806412 (D.N.J. June 29, 2006) ....................................................... 21

19

*Cabrales v. County of Los Angeles*,
20
    935 F.2d 1050 (9th Cir. 1991) ........................................................................... 12

21

*Cayne v. Washington Trust Bank*,
    2017 WL 3749366 (D. Idaho Aug. 30, 2017) ....................................... 18, 19, 20
22

23

*Cayne v. Washington Trust Bank*,
    2018 WL 3939306 (D. Idaho Aug. 16, 2018) ................................................... 19

24

25

*Close v. Sotheby's, Inc.*,
    894 F.3d 1061 (9th Cir. 2018) ................................................................... 3, 7, 8

26

*Close v. Sotheby's, Inc.*,
27
    909 F.3d 1204 (9th Cir. 2018) ................................... 3, 5, 6, 7, 8, 10, 11, 15, 20

28

*Earley v. Superior Court,*
    79 Cal.App.4th 1420 (2000) ................................................................. 18, 19, 20

*Envir. Protect. Info. Ctr. v. Cal. Dept. of Forestry & Fire Prot.,*
    190 Cal.App.4th 217 (2010) ........................................................................ 15

*Equilon Enterprises v. Consumer Cause, Inc.,*
    29 Cal.4th 53 (2002) ..................................................................................... 19

*Estiverne v. Esernio-Jenssen,*
    908 F. Supp.2d 305 (E.D.N.Y. 2012) ......................................................... 23

*Gates v. Deukmejian,*
    987 F.2d 1392 (9th Cir. 1992) ........................................................................ 9

*Estate of Graham v. Sotheby's, Inc.,*
    178 F. Supp.3d 974 (C.D. Cal. 2016) ..................................................... 2, 4, 8

*Hanrahan v. Hampton,*
    446 U.S. 754 (1980) ......................................................................................... 6

*Hasbrouck v. Texaco,*
    879 F.2d 632 (9th Cir. 1989) ........................................................................... 9

*Hensley v. Eckerhart,*
    461 U.S. 424 (1983) ................................................................................. 14, 15

*Hogar v. Comm. Dev. Comm'n,*
    157 Cal.App.4th 1358 (2008) ......................................................................... 14

*Jaffee v. Redmond,*
    142 F.3d 409 (7th Cir. 1998) ......................................................................... 13

*Jones v. Corbis Corp.,*
    2011 WL 4526084 (C.D. Cal. Aug. 24, 2011), *aff'd*, 489 Fed.Appx.
    155 (9th Cir. 2012) .......................................................................................... 17

*Keller v. Bd. of Trustees of Cal. State Univ.,*
    2018 WL 1871076 (Cal.App. April 19, 2018) ............................................... 18

*Keller v. Electronic Arts, Inc.,*
    2015 WL 5005057 (N.D. Cal. Aug. 18, 2015) ......................................... 17, 19

Defendant Sotheby's Inc.'s Motion to Renew and
Supplement Its Motion For Attorneys' Fees

*King Instrument Corp. v. Otari Corp.*,
  814 F.2d 1560 (Fed. Cir. 1987) ................................................. 8

*Lankhorst v. Ind. Savings Plan Co.*,
  2015 WL 5724369 (M.D. Fla. Sept. 28, 2015) .................................. 19

*Larez v. City of Los Angeles*,
  946 F.2d 630 (9th Cir. 1991) ................................................. 13

*Lightbourne v. Printroom, Inc.*,
  2015 WL 12732457 (C.D. Cal. Dec. 10, 2015) .................................. 17

*Logue v. Dore*,
  103 F.3d 1040 (1st Cir. 1997) ................................................ 22

*Love v. Mail on Sunday*,
  2007 WL 2709975 (C.D. Cal. Sept. 7, 2007), *aff'd*, 611 F.3d 601
  (9th Cir. 2010) .............................................................. 16

*Mfd. Home Communities, Inc. v. County of San Diego*,
  655 F.3d 1171 (9th Cir. 2011) ................................................ 12

*Montantes v. Inventure Foods*,
  2014 WL 3305578 (C.D. Cal. July 2, 2014) .................................... 18

*Moore v. James H. Matthews & Co.*,
  682 F.2d 830 (9th Cir. 1982) ................................................. 9

*Nadarajah v. Holder*,
  569 F.3d 906 (9th Cir. 2009) ................................................. 13

*Orkin v. Taylor*,
  487 F.3d 734 (9th Cir. 2007) ................................................. 7

*Perry v. Bartlett*,
  231 F.3d 155 (4th Cir. 2000) ................................................. 13

*Presley of S. Cal. v. Whelan*,
  146 Cal.App.3d 959 (1983) .................................................... 6

*Ramon v. County of Santa Clara*,
  173 Cal. App.4th 915 (2009) .................................................. 10

iv

*Retained Realty, Inc. v. Spitzer*,
  643 F. Supp.2d 228 (D. Conn. 2009) ................................................. 21

*Reynolds Metals Co. v. Alperson*,
  25 Cal.3d 124 (1979)......................................................................... 15

*Sam Francis Found. v. Christie's, Inc.*,
  784 F.3d 1320 (9th Cir. 2015) ........................................................... 10

*Schneider v. Colegio de Abogados de Puerto Rico*,
  187 F.3d 30 (1st Cir. 1999) ............................................................... 13

*Smith v. Vanowen Canoga Apts., LLC*,
  2015 WL 401360 (C.D. Cal. Jan. 28, 2015)................................. 23, 24

*Stonebrae, L.P. v. Toll Bros., Inc.*,
  2011 WL 1334444 (N.D. Cal. April 7, 2011), *aff'd*, 521 Fed.Appx.
  592 (9th Cir. 2013) ............................................................................. 9

*Synopsys, Inc. v. Mentor Graphics Corp.*,
  2015 WL 4365494 (N.D. Cal. July 16, 2015) ...................................... 8

*Trainor v. HEI Hospitality LLC*,
  2012 WL 119597 (D. Mass. Jan. 13, 2012), *aff'd in pertinent part*,
  699 F.3d 19 (1st Cir. 2012) ............................................................... 23

*Twentieth Century Fox Film Corp. v. Entertainment Distributing*,
  429 F.3d 869 (9th Cir. 2005) ............................................................. 13

*Twin City Sportservice, Inc. v. Charles O. Finley & Co., Inc.*,
  676 F.2d 1291 (9th Cir. 1982).................................................. 9, 11, 12

*United States v. Healthwin-Midtown Convalescent Hosp. & Rehab.
  Center, Inc.*,
  511 F. Supp. 416 (C.D. Cal. 1981)..................................................... 24

*Urbaniak v. Newton*,
  19 Cal.App.4th 1837 (1993) ................................................................ 7

*Van de Kamp v. Bank of Am. Nat'l Trust & Savings Ass'n*,
  204 Cal.App.3d 819 (1988) .................................................... 17, 18, 19

*In re Wash. Pub. Power Supply System Sec. Lit.*,
  19 F.3d 1291 (9th Cir. 1994) ............................................................... 9

v

*Weeks v. Baker & McKenzie,*
   63 Cal.App.4th 1128 (1998) ................................................................ 19

*Weinstock v. Sinatra,*
   379 F. Supp. 274 (C.D. Cal. 1974) ...................................................... 24

*White v. Sundstrand Corp.,*
   256 F.3d 580 (7th Cir. 2001) ........................................................ 19, 20

*Whiteway v. FedEx Kinko's Office & Print Serv., Inc.,*
   2007 WL 4531783 (N.D. Cal. Dec. 17, 2007) ...................................... 20

*In re Williams Securities Litigation – WCG Subclass,*
   558 F.3d 1144 (10th Cir. 2009) ........................................................... 20

*Winick Corp. v. Safeco Ins. Co.,*
   187 Cal.App.3d 1502 (1986) ............................................................... 15

*Wright v. Schock,*
   742 F.3d 541 (9th Cir. 1984) .............................................................. 18

**Statutes**

Cal. Code Civ. Pro. §685.040 ..................................................................... 4

California Resale Royalty Act ............................................................*passim*

Copyright Act of 1976 ................................................................................ 2

**Other Authorities**

F.R.C.P. 23 ................................................................................................ 20

F.R.C.P. 54 .......................................................................................... 20, 21

F.R.C.P. 54(b) ............................................................................................. 8

F.R.C.P. 54(d)(2)(B)(i) ............................................................................. 21

Ninth Circuit Fee Order, ECF 172 ................................................ 5, 9, 11, 13, 16

Ninth Circuit Rule 39-1.6 ........................................................................... 3

Defendant Sotheby's Inc.'s Motion to Renew and
Supplement Its Motion For Attorneys' Fees

**INTRODUCTION**

This is a motion to renew and supplement Sotheby's prior motion for attorneys' fees (the "Fee Motion").[1]  *See* ECF 142, 146.  Since the Fee Motion was filed in 2016, the Ninth Circuit has resolved most of the issues raised by that motion.  The issues resolved by the Ninth Circuit include that: (1) the fee-shifting provision of the California Resale Royalty Act ("CRRA") – which was added to the statute in 1982 – is enforceable even though Plaintiffs' royalty claims under the CRRA are preempted by federal law; (2) Sotheby's is the prevailing party on all of Plaintiffs' fee-shifting claims; and (3) Sotheby's is entitled to a fee award now even though Plaintiffs' alleged 1977 claims – which are *not* fee-shifting claims – have not been resolved for two of the three Plaintiffs (Chuck Close and Laddie John Dill).  The Court should thus award Sotheby's the fees it incurred both before and after the Fee Motion was filed.  *See* Point I, *infra*.

The third Plaintiff is identified in the Complaint by the pseudonym "Estate of Robert Graham."  Without permission from the Court, an undisclosed person or entity litigated under that pseudonym for more than five years.  Plaintiffs' lawyers have refused to identify their client.  So, we will refer to that party as the "Graham Plaintiff," although it seems certain that the Graham Plaintiff has no connection to Robert Graham, his estate or his heirs.

After the Fee Motion was filed, the Graham Plaintiff withdrew its appeal from the 2016 judgment dismissing this case and abandoned its claims, rather than disclose its identity.  All of the Graham Plaintiff's claims therefore remain dismissed, and the Ninth Circuit's subsequent remand of Plaintiffs' 1977 claims does not apply to the Graham Plaintiff.  This Court previously held that, if the Graham Plaintiff failed to disclose its identity, it could not dispute Sotheby's Fee

---

[1] This motion is supported by the accompanying declarations of Howard B. Comet, Deanne E. Maynard and David F. McDowell (respectively, "Comet Renewal Decl.," "Maynard Renewal Decl." and "McDowell Renewal Decl.").

Defendant Sotheby's Inc.'s Motion to Renew and
Supplement Its Motion For Attorneys' Fees

Motion.  Sotheby's is thus entitled to a default judgment for the fees it incurred litigating against the Graham Plaintiff.  *See* Point II, *infra*.

Sotheby's should be awarded $388,099.57 in fees incurred from August 2016 through September 16, 2019 (one week before the filing of this motion), in addition to the fees requested in the prior Fee Motion.  Sotheby's will also request subsequent fees in its reply papers for this motion.  *See* Point III, *infra*.

## BACKGROUND

### A.   Sotheby's CRRA Fee Claim

The history of this litigation from October 2011 until November 2016 is described in the papers filed in support of Sotheby's Fee Motion, which are incorporated by reference here.[2]  On January 30, 2017, the Court held a hearing on Sotheby's Fee Motion and the fee motions filed by Christie's and eBay in Plaintiffs' related cases against them (the "Hearing").  *See* ECF 148.  The Court and the parties discussed several issues raised by the fee motions.  Hearing Tr. at 14-42.  Most of those issues were subsequently resolved by the Ninth Circuit, when it awarded fees to Sotheby's and eBay for their work on Plaintiffs' second appeal in this case.  *See* Point I, *infra*.  The Fee Motion in this Court has not been decided.

After the Hearing, Plaintiffs Close and Dill proceeded with an appeal from the Court's decision in *Estate of Graham v. Sotheby's, Inc.*, 178 F. Supp.3d 974 (C.D. Cal. 2016).  In that decision, the Court held that Plaintiffs' claims in their three CRRA cases were preempted by federal copyright law.  On appeal, the Ninth Circuit reversed the Court's ruling that Plaintiffs' claims are barred by conflict preemption, but affirmed the Court's ruling that the claims are expressly preempted by the 1976 Copyright Act.  As a result, Plaintiffs' claims based on sales on or after January 1, 1978 – the effective date of the Copyright Act – are preempted and finally dismissed.  Plaintiffs' claims, if any, between the January 1, 1977 effective

---

[2] The Fee Motion also incorporated the papers filed in support of Christie's fee motion in a related case.  Christie's motion papers are again incorporated here.

Defendant Sotheby's Inc.'s Motion to Renew and
Supplement Its Motion For Attorneys' Fees

date of the CRRA and 1978 (*i.e.*, sales in 1977), are not preempted.   *Close v. Sotheby's, Inc.*, 894 F.3d 1061 (9th Cir. 2018) ("*Close I*").

The Ninth Circuit remanded the alleged 1977 claims so that this Court can decide if Plaintiffs actually have any 1977 claims and, if they do, whether "[t]his remaining sliver of claims" is valid.   *Id.* at 1072, 1074-76.   The Ninth Circuit mandate issued on August 14, 2018, and was docketed in this Court as ECF 160.

Based on the Ninth Circuit ruling, Sotheby's and eBay filed applications pursuant to Ninth Circuit Rule 39-1.6 for the attorneys' fees they incurred in the appeal, including for preparation of their fee applications.   The Ninth Circuit awarded Sotheby's and eBay the full amounts they requested.   Sotheby's fee request here does not include any of the fees awarded by the Ninth Circuit.

The Ninth Circuit first held that Plaintiffs are liable for attorneys' fees under the CRRA.   *Close v. Sotheby's, Inc.*, 909 F.3d 1204 (9th Cir. 2018) ("*Close II*"). The Ninth Circuit rejected Plaintiffs' argument that the Court's preemption ruling rendered the CRRA fee-shifting provision unenforceable.   *Id.* at 1208-12.   Because the fee-shifting provision was added by a 1982 amendment and does not apply to 1977 sales, the Court also held that "Sotheby's is the 'prevailing party' with respect to all of the fee-shifting claims" in this case, and "is entitled to a fee award for the work performed on them." *Id.* at 1213.

The Ninth Circuit referred "the matter to the Appellate Commissioner to determine the appropriate amount of fees to be awarded, subject to reconsideration by this panel."   *Id.* at 1213-14.   On June 3, 2019, the Appellate Commissioner issued an amended order that awarded fees in the full amount Sotheby's had requested (the "Ninth Circuit Fee Order").[3]   That order amended the Ninth Circuit's previously-issued mandate and was docketed as ECF 172 in this Court.

---

[3] The amended order corrected a clerical error in a prior order, which mistakenly awarded fees against the Sam Francis Foundation, as well as Close and Dill.   The Sam Francis Foundation is a plaintiff in the actions against Christie's and eBay, but not in the action against Sotheby's.  Comet Renewal Decl. ¶15.

Defendant Sotheby's Inc.'s Motion to Renew and
Supplement Its Motion For Attorneys' Fees

On July 29, 2019, the Ninth Circuit panel denied Plaintiffs' motion for reconsideration of the Appellate Commissioner's fee order.  The order denying reconsideration was docketed in this Court as ECF 173.  The panel's order states that the Appellate Commissioner's order "remains in effect."  ECF 173 at 1.

Although more than three months have elapsed since the Ninth Circuit Fee Order was issued, Plaintiffs have not satisfied the Ninth Circuit's fee judgment, nor even responded to Sotheby's efforts to discuss the matter.  Comet Renewal Decl. ¶16.  As a result, Sotheby's is incurring additional fees for judgment enforcement.[4]

## B.  Sotheby's Fee Claim Against the Graham Plaintiff

At the same time the Fee Motion was filed, the Defendants in Plaintiffs' three CRRA cases filed a Joint Motion to Compel Substitution of Proper Parties for the Estate of Robert Graham (the "Substitution Motion").  The papers in support of the Substitution Motion (ECF 140-41, 143, 147) are incorporated by reference here.

The Substitution Motion was prompted by the Court's dismissal of the Estate of Robert Graham claims on the ground that the estate was not a proper party. *Estate of Graham*, 178 F. Supp.3d at 996.  Because the Court also granted leave to amend, Defendants moved to compel substitution of the party actually behind the Estate of Robert Graham claims, *i.e.*, to compel the Graham Plaintiff to litigate under its real name.  Plaintiffs did not dispute the facts or law in the Substitution Motion, which established that only Robert Graham's wife and son have the legal authority to assert his CRRA claims.  *See* ECF 140 at 3-4, 7-9.  Plaintiffs' counsel also admitted that they do *not* represent the wife or son.  Nevertheless, counsel refused to disclose the Graham Plaintiff's identity.  ECF 147-1, ¶ 6 & Exh. B.

The Substitution Motion was also heard on January 30, 2017.  During that Hearing, Plaintiffs' counsel said that the Graham Plaintiff wanted to pursue its

---

[4] This motion does not seek recovery of any judgment enforcement fees.  At an appropriate point, Sotheby's will apply for recovery of those fees pursuant to California law.  *See* Cal. Code Civ. Pro. §685.040.

claims and would file an amended complaint disclosing its identity. Hearing Tr. at 12-14. Based on that representation, the Court granted the Substitution Motion the next day and ordered the Graham Plaintiff to file an amended complaint or seek a remand from the Ninth Circuit to allow for a determination of the proper party. ECF 150. The Court also held that, without disclosure, the Graham Plaintiff could not contest Defendants' fee motions. ECF 150 at 4-5. *See* Point II, *infra*.

Thereafter, Plaintiffs' counsel moved to dismiss the appeal by the Estate of Robert Graham and notified this Court that an amended complaint would *not* be filed. ECF 152. Plaintiffs' Ninth Circuit brief stated that, "The district court dismissed the claim asserted on behalf of Estate of Robert Graham on the ground it lacked standing to sue. That dismissal is not challenged on this appeal and a motion to dismiss the appeal taken by Estate of Robert Graham has been filed." Ninth Circuit Case No. 16-56234, ECF 8, at 1 n.2.

The Ninth Circuit dismissed the appeal. ECF 153. The Graham Plaintiff did not participate in the appeal, and the Ninth Circuit did not award any fees against the Graham Plaintiff. Ninth Circuit Fee Order, ECF 172 at 3 n.1 & 14.

## ARGUMENT

### I.   <u>Sotheby's is Entitled to a Fee Award Pursuant to the CRRA</u>

As the Ninth Circuit has ruled, Sotheby's is entitled to a fee award under the CRRA because it is the "prevailing party" on all of Plaintiffs' fee-shifting CRRA claims. *Close II*, 909 F.3d at 1213. The Ninth Circuit decision resolves most of the issues raised by Sotheby's Fee Motion. Several other issues, which Sotheby's had no prior chance to brief, should also be resolved in favor of a fee award.

#### A.   <u>The CRRA Fee-Shifting Provision is Enforceable</u>

Plaintiffs' principal argument against the Fee Motion was that the CRRA fee-shifting provision is void because of the Court's preemption ruling. ECF 145 at 3-17. In the Hearing, the Court said it would likely enforce the fee provision, but wanted to consider the matter further. Hearing Tr. at 23-24, 41-42.

In the interim, however, Plaintiffs presented the exact same argument to the Ninth Circuit. In a published opinion, the Court of Appeals firmly rejected that argument, holding that the "preemption ruling in this case did not render the CRRA fee-shifting provision 'null and void,'" and that the fee-shifting provision is not preempted by the Copyright Act. *Close II*, 909 F.3d at 1210-12. The Ninth Circuit's decision is both binding precedent and the law of this case.

### B.   Sotheby's is the Prevailing Party on All of the Fee-Shifting Claims

In the Hearing, the Court and the parties also discussed whether Sotheby's was the prevailing party under the CRRA. Hearing Tr. at 14-16, 19-23, 35-36. The Ninth Circuit has decided that Sotheby's is the prevailing party on all of the fee-shifting claims in this case and is entitled to recover all of the fees it reasonably incurred in litigating those claims.

As the Ninth Circuit held, to be a "prevailing party" under a statutory fee-shifting provision, a party must obtain relief that is "secure," *i.e.*, relief that resolves the merits of a fee-shifting claim in that party's favor. *Close II*, 909 F.3d at 1213. Sotheby's is "the prevailing party for *all* of the claims that fall within the [CRRA] fee-shifting provision" because "Sotheby's has obtained a secure victory on all of the claims for which fees may be awarded." *Id.* (emphasis in original).

The Ninth Circuit also rejected the argument by Close and Dill "that *they* are the prevailing parties because they succeeded in obtaining reversal of [the 1977] claims." *Id.* at 1212 (emphasis in original). (The Graham Plaintiff's 1977 claims remain dismissed.) As the Ninth Circuit explained, a litigant is not a "prevailing party" under a fee-shifting statute if it obtains only procedural relief, such as the reversal of an order granting a motion to dismiss or granting summary judgment, and a remand for further litigation. *Id.* at 1213 (citing *Hanrahan v. Hampton*, 446 U.S. 754 (1980), and *Presley of S. Cal. v. Whelan*, 146 Cal.App.3d 959 (1983)). Here, Close and Dill obtained only procedural relief: reversal of an order dismissing the 1977 claims and a remand for further litigation.

6

1       The 1977 claims are not fee-shifting claims.  *Close II*, 909 F.3d at 1208.

2   ("the only claims that remain pending on remand – those involving sales in 1977 –

3   do not fall within the [CRRA] fee-shifting provision").  But even if the 1977 claims

4   were fee-shifting claims, Close and Dill would not be "prevailing parties" under the

5   CRRA, since they did not obtain any secure relief on those claims.[5]  *Close II* thus

6   holds (1) that Sotheby's is the prevailing party on all of the fee-shifting claims in

7   this case, and (2) that Sotheby's is the only prevailing party.

8       **C.**   **Sotheby's is Entitled to a Fee Award at This Time**

9       The Ninth Circuit also rejected Plaintiffs' argument that, because the 1977

10  claims were remanded, "there may be no fee award while, as here, a case is still

11  pending."  *Close II*, 909 F.3d at 1213 (quoting Plaintiffs' argument).  The Court

12  held that a "'case need not be completely final' for fees to be awarded as long as the

13  victory obtained on the fee-shifting claims is 'secure.'"  *Id.* (quoting *Urbaniak v.*

14  *Newton*, 19 Cal.App.4th 1837 (1993)).  The Court also rejected Plaintiffs' argument

15  that "a fee award is proper only when the prevailing party prevails in the entire

16  action," holding that a party need prevail only on a fee-shifting "'cause of action,'

17  not the entire lawsuit."  *Id.* at 1213 n.4 (citations omitted).  Here, Sotheby's is

18  entitled to a fee award now because it "has obtained a secure victory on all of the

19  claims [or causes of action] for which fees may be awarded."  *Id.* at 1213.

20

21

22  [5] It is very unlikely that Plaintiffs will ever succeed on their 1977 claims. As the

23  Ninth Circuit repeatedly pointed out, Close and Dill have not shown that they actually have any 1977 claims.  *Close I*, 894 F.3d at 1072, 1074, 1076.  The record

24  already establishes that neither the Plaintiffs nor Sotheby's have any information that Sotheby's conducted 1977 California sales of their artworks.  *See* ECF 98-2,

25  98-3. Any 1977 claims are also barred, among other reasons, by the statute of limitations. Although the CRRA allows claims within three years of the sale or one

26  year of discovery, the discovery period was triggered in 1977 by Sotheby's public auction catalogues.  *Orkin v. Taylor*, 487 F.3d 734, 737-38, 741-42 (9th Cir. 2007)

27  (Sotheby's and Christie's auction catalogues put plaintiffs on notice of their possible claims and triggered running of the statute of limitations).

28

1      In addition, there is a final judgment on Plaintiffs' fee-shifting claims, even

2  though the Ninth Circuit remanded their 1977 claims.  Prior to the appeal, this

3  Court entered judgment dismissing the entire case.  *Estate of Graham*, 178 F.

4  Supp.3d at 999.  Because the Ninth Circuit affirmed the judgment on the post-1977

5  claims, it remains in place for those claims:  "Sotheby's has obtained a judgment in

6  its favor for all sales that occurred after January 1, 1978."  *Close II*, 909 F.3d at

7  1212; *see also Close I*, 894 F.3d at 1064 ("We affirm dismissal of those claims.").

8      When part of a district court judgment is affirmed, that part is final and can

9  be immediately enforced.  *King Instrument Corp. v. Otari Corp*., 814 F.2d 1560,

10  1563 (Fed. Cir. 1987) (execution properly ordered on part of damages award that

11  court of appeals affirmed, even though the court also remanded another part of the

12  damages award for further proceedings); *Barnes v. United States*, 678 F.2d 10, 11-

13  13 (3d Cir. 1982) (court affirmed part of damages award to allow for immediate

14  execution, while requiring further appellate proceedings on the remaining part).

15      District courts can also enter final judgments on fewer than all of the claims

16  in an action if they certify, pursuant to F.R.C.P. 54(b), that "there is no just reason

17  for delay."  A Rule 54(b) judgment, like a judgment that is partially affirmed on

18  appeal, is a final judgment that can be immediately enforced.  *Bank of Lincolnwood*

19  *v. Federal Leasing, Inc*., 622 F.2d 944, 951 (7th Cir. 1980) ("An important effect of

20  a 54(b) certification is that the entry of judgment permits prompt execution.").

21  Thus, when a Rule 54(b) judgment is entered on a fee-shifting claim, the prevailing

22  party can immediately seek a fee award for that claim, even though other claims in

23  the case remain pending.  *Synopsys, Inc. v. Mentor Graphics Corp*., 2015 WL

24  4365494, at *2 (N.D. Cal. July 16, 2015) (prevailing party's fee motion after Rule

25  54(b) partial final judgment was not premature); *Applied Med. Resources Corp. v.*

26  *Tyco Healthcare Group, L.P*., 2014 WL 12577094 at *2-3 (C.D. Cal. Nov. 17,

27  2014) (same).  By the same token, because there is an affirmed final judgment on

28  Plaintiffs' fee-shifting claims, Sotheby's fee request is not premature.

Finally, as a practical matter, there is no reason to delay Sotheby's fee request.   Because the 1977 claims are not fee-shifting claims, neither side can obtain a fee award for those claims, regardless of who wins.   And no matter what happens with the 1977 claims, they cannot affect either Sotheby's entitlement to a fee award for its work on the fee-shifting claims or the amount of that award.[6]

### D.   Sotheby's is Entitled to a Fee Award for Unsuccessful Arguments

The Hearing also considered whether Sotheby's is entitled to a fee award for unsuccessful arguments or for stages of the litigation in which it was only partly successful.   Hearing Tr. at 15, 19-23, 35-36.   The Ninth Circuit Fee Order confirms Sotheby's right to those fees:   "[N]o apportionment or reduction [was] warranted" in the Ninth Circuit's award based on Sotheby's "unsuccessful legal arguments."   Ninth Circuit Fee Order, ECF 172 at 10.

The Ninth Circuit decision in this case follows settled law.   At least since *Twin City Sportservice, Inc. v. Charles O. Finley & Co., Inc.*, 676 F.2d 1291 (9th Cir. 1982), the rule has been that fees should be awarded under a fee-shifting statute for unsuccessful arguments, so long as those arguments, "at the time [made], would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit of a successful recovery."   *Id.* at 1313.[7]

---

[6] Any delay would only increase the prejudice Sotheby's has already incurred. Sotheby's has lost the use of money it paid in fees during the course of this lawsuit, which will be more than eight years old by the time this motion is heard.   A delay of that length entitles a prevailing party to receive interest at the prime rate or another fee enhancement.   *E.g., In re Wash. Pub. Power Supply System Sec. Lit.*, 19 F.3d 1291, 1305 (9th Cir. 1994) (approving compensation for delay by a fee award at current billing rates or "adding a prime rate enhancement"); *Gates v. Deukmejian*, 987 F.2d 1392, 1406-07 (9th Cir. 1992) (same).   By that measure, Sotheby's interest claim already exceeds $400,000.   While Sotheby's has not requested an interest award in this motion, it reserves its right to seek that relief.

[7] *Accord Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003) (same); *Hasbrouck v. Texaco*, 879 F.2d 632, 638 (9th Cir. 1989) (same; quoting *Twin City*); *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982) (same); *Stonebrae, L.P. v. Toll Bros., Inc.*, 2011 WL 1334444, at *12 (N.D. Cal. April 7, 2011) ("the question is not whether a party prevailed on a particular motion," but "whether a

9

1    In the Hearing, this Court suggested that unsuccessful arguments at an
2 appellate stage of litigation may be treated differently.  The Court indicated that it
3 may deny fees to the Defendants for their work on Plaintiffs' prior appeal from
4 Judge Nguyen's 2012 decision, which dismissed Plaintiffs' claims on Commerce
5 Clause grounds.  The Court said that it is not the case "that the defendants prevailed
6 on [that] appeal;" that the Court was "more inclined to say that it was the plaintiffs
7 who prevailed;" but "the fair thing seems to be to say that nobody was the
8 prevailing party."  Hearing Tr. at 15.

9    The Ninth Circuit's recent decision establishes that Sotheby's and the other
10 Defendants were the prevailing parties on the first appeal with respect to all of
11 Plaintiffs' out-of-state CRRA claims.  The Ninth Circuit affirmed Judge Nguyen's
12 ruling that Plaintiffs' out-of-state claims were properly dismissed on Commerce
13 Clause grounds.  *Sam Francis Found. v. Christie's, Inc*., 784 F.3d 1320, 1323-25
14 (9th Cir. 2015) (en banc).  At that point, Sotheby's had obtained a secure dismissal
15 of the out-of-state claims.  Sotheby's was therefore the "prevailing party" under the
16 CRRA on those claims.  *Close II*, 909 F.3d at 1212-13.

17    On the other hand, the Plaintiffs were *not* "prevailing parties" under the
18 CRRA on any claims in the first appeal.  Although the Ninth Circuit reversed Judge
19 Nguyen's ruling that the in-state portion of the CRRA could not be severed from
20 the out-of-state portion, the Court did not grant judgment in Plaintiffs' favor on the
21 in-state claims.  Instead, it remanded those claims for further proceedings.  *Sam
22 Francis*, 784 F.3d at 1325-26.  As in the Plaintiffs' second appeal, where the Ninth
23 Circuit remanded their 1977 claims, Plaintiffs were not prevailing parties because
24 they obtained only procedural relief on their in-state claims.  *See* pp. 6-7, *supra*.

25 reasonable attorney would have believed the work to be reasonably expended in
26 pursuit of success at the point in time when the work was performed") (citation
27 omitted), *aff'd*, 521 Fed.Appx. 592 (9th Cir. 2013).  The California courts have also
adopted the Ninth Circuit rule.  *E.g., Ramon v. County of Santa Clara*, 173 Cal.
28 App.4th 915, 924-25 (2009) (quoting Ninth Circuit decisions).

Defendant Sotheby's Inc.'s Motion to Renew and
Supplement Its Motion For Attorneys' Fees

Under *Close II*, Sotheby's could have sought an immediate fee award from the Ninth Circuit for its work in the first appeal on the out-of-state claims. But because Sotheby's and the other parties were uncertain whether fee applications at that point made sense, they jointly moved to transfer the fee issues arising from the first appeal to the district court. The Ninth Circuit granted the transfer. ECF 142-2 ¶26 & Exh. 1.

As the Ninth Circuit Fee Order confirms, now that Sotheby's has prevailed on all of the fee-shifting claims in this case, its fee request should not be reduced based on any unsuccessful arguments it made in connection with those claims. Ninth Circuit Fee Order, ECF 172 at 10. Likewise, this Court should not deny or reduce Sotheby's fee award for the first appeal or the prior district court proceedings, based on the ruling reversing Judge Nguyen's severance decision.

At least six additional Ninth Circuit decisions are directly on point on this issue. They all hold that fees should be awarded for work on an intermediate appeal and the prior district court litigation, even if the fee claimant lost in whole or in part on the intermediate appeal, as long as the claimant ultimately prevailed on the fee-shifting claims.

In *Twin City*, for example, the counterclaimant (Finley) prevailed in the first trial on its fee-shifting antitrust claim, but the Ninth Circuit reversed and remanded for further proceedings regarding the relevant market definition. *Twin City*, 676 F.2d at 1296. On remand, Finley again prevailed and was awarded damages. *Id*. The district court, however, felt "compelled to limit" Finley's fee award for the first trial "since it related to time spent asserting an incorrect relevant market." *Id*. at 1312. The district court also awarded Finley only ten percent of its fees for the first appeal "because Finley prevailed only on a statute of limitations question, suffering the reversal on all other questions." *Id*.

In the second appeal, the Ninth Circuit vacated the district court's fee ruling. The Ninth Circuit held, as discussed above, that Finley was entitled to a fee award

"for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit of a successful recovery." *Id.* at 1313. The Court agreed with Finley that he was "entitled to all reasonable fees for the relevant time periods, [because] all time spent was undertaken reasonably in an effort to obtain a successful recovery of antitrust damages." *Id.* at 1312. Finley was therefore "entitled to all reasonable fees generated at every stage of this litigation: first trial, appeal, and post-trial remand work." *Id.* at 1316. The Ninth Circuit awarded those fees itself, including fees for Finley's unsuccessful arguments in the first trial and the first appeal. *Id.*

Similarly, in *Cabrales v. County of Los Angeles*, 935 F.2d 1050 (9th Cir. 1991), the plaintiff prevailed on a fee-shifting claim in the district court and the Ninth Circuit. *Id.* at 1051. The Supreme Court, however, granted the defendant's certiorari petition and summarily remanded. The Ninth Circuit then reinstated its decision affirming the judgment and the Supreme Court denied a second certiorari petition. *Id.* Although the plaintiff had finally prevailed, the district court denied her request for attorneys' fees for opposing the first certiorari petition "because that petition was resolved against her." *Id.* at 1052.

The Ninth Circuit reversed, holding that, "If a plaintiff ultimately wins on a particular claim, she is entitled to all attorney's fees reasonably expended in pursuing that claim – even though she may have suffered some adverse rulings." *Id.* at 1053. A party "who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage." *Id.*

The Ninth Circuit has repeatedly applied the same rule, awarding fees for prior unsuccessful appeals and applications to the party that ultimately prevailed on fee-shifting claims.[8]   Many other circuits follow the same rule; we know of no

---

[8] *Mfd. Home Communities, Inc. v. County of San Diego*, 655 F.3d 1171, 1182 (9th Cir. 2011) (although order granting defendants' first motion to dismiss was

Defendant Sotheby's Inc.'s Motion to Renew and
Supplement Its Motion For Attorneys' Fees

contrary decisions.[9]  In this case, because Sotheby's ultimately prevailed on all of Plaintiffs' fee-shifting claims, it is entitled to fees for all of its work on those claims, including its work on the severance argument in the district court and in the first appeal.  Plaintiffs have not disputed – and cannot dispute – that Sotheby's reasonably asserted the severance argument when it was made:  Judge Nguyen dismissed Plaintiffs' in-state claims on that ground.  It was also plainly reasonable to defend Judge Nguyen's decision on appeal.  As the Ninth Circuit's recent fee award confirms, no apportionment is required for Sotheby's unsuccessful arguments.  Ninth Circuit Fee Order, ECF 172 at 10.

---

reversed on first appeal, defendants ultimately prevailed in second motion on remand and were properly awarded fees for work on the first motion: "Now that Defendants are again the prevailing party, they are entitled to attorney's fees for work done in the course of bringing their ultimately successful . . . motion."); *Nadarajah v. Holder*, 569 F.3d 906, 922-23 (9th Cir. 2009) (even though the petitioner's Ninth Circuit mandamus petition was withdrawn, because it "was a reasonable step in the habeas corpus litigation, in which Nadarajah ultimately prevailed, Nadarajah is entitled to EAJA fees for his attorneys' work on the mandamus petition"); *Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d 869, 884 (9th Cir. 2005) (district court properly awarded fees for first appeal to party that was unsuccessful on that appeal, but ultimately prevailed on remand); *Larez v. City of Los Angeles*, 946 F.2d 630, 649 (9th Cir. 1991) (plaintiffs were not entitled to an award "at this time" on claims that were remanded for a new trial, but fees for the appeal on those claims "would be proper if [plaintiffs] prevail on retrial").

[9] *See Perry v. Bartlett*, 231 F.3d 155, 162-63 (4th Cir. 2000) (plaintiff properly awarded fees for prior appeal: "[a]lthough it did not prevail on its interlocutory appeal, it was ultimately successful"); *Schneider v. Colegio de Abogados de Puerto Rico*, 187 F.3d 30, 48 (1st Cir. 1999) (Lipez, J., concurring) (plaintiffs properly awarded fees for unsuccessful appeals because they "ultimately succeeded in achieving a significant portion of the relief sought, despite a number of backwards steps along the convoluted pathway this litigation took through the courts (including this court of appeals)") (collecting cases); *Jaffee v. Redmond*, 142 F.3d 409, 413-16 (7th Cir. 1998) (plaintiffs were entitled to fees for first trial, first appeal and second trial, even though the second trial was necessitated by their unsuccessful argument, because the argument was reasonable); *Alizadeh v. Safeway Stores, Inc.*, 910 F.2d 234, 237-38 (5th Cir. 1990) (defendant properly awarded fees for unsuccessful first appeal because "it did ultimately prevail on the merits in the litigation").

Defendant Sotheby's Inc.'s Motion to Renew and
Supplement Its Motion For Attorneys' Fees

Finally, during the Hearing, the Court suggested that awarding fees for unsuccessful arguments is inconsistent with decisions in civil rights cases that denied fee awards to plaintiffs who were only partly successful.  Hearing Tr. at 20-21.  Those decisions, however, denied fees for unsuccessful *claims for relief*.  Fees are awarded to parties, like Sotheby's, for the claims on which they prevailed, even if they made some unsuccessful *arguments* in connection with those claims.

The leading decision is *Hensley v. Eckerhart*, 461 U.S. 424 (1983), which held that a civil rights plaintiff who prevails on some of the claims in a lawsuit cannot recover fees for work on an unsuccessful *claim* if that claim "is distinct in all respects from his successful claims."  *Id.* at 440.  But when an unsuccessful *argument* is made in connection with a claim on which the plaintiff prevailed or a related claim, "a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."  *Id.*; *accord Hogar v. Comm. Dev. Comm'n*, 157 Cal.App.4th 1358, 1369 (2008) (same; quoting *Hensley*).

In this case, Sotheby's prevailed on all of Plaintiffs' fee-shifting claims, and its unsuccessful arguments were all made in connection with those claims.  Under *Hensley*, Sotheby's fee award should not be reduced because the courts did not adopt each contention Sotheby's raised regarding the fee-shifting claims.[10]

*Hensley* also holds that a fee award may be reduced if the plaintiff did not obtain complete relief on the claims on which it prevailed (*e.g.*, the plaintiff did not obtain the full amount of requested damages or the full scope of a requested injunction).  *Hensley*, 461 U.S. at 435-36.  Here, as a prevailing defendant, Sotheby's obtained the maximum relief possible, the dismissal with prejudice of all

---

[10] A separate question is whether Sotheby's can recover fees for making arguments – either successful or unsuccessful – in response to Plaintiffs' non-fee-shifting claims.  Because Sotheby's made the same arguments for the fee-shifting and non-fee-shifting claims, no apportionment on that basis is appropriate.  *See* pp. 15-16, *infra*.

Defendant Sotheby's Inc.'s Motion to Renew and
Supplement Its Motion For Attorneys' Fees

of Plaintiffs' fee-shifting claims.  *Winick Corp. v. Safeco Ins. Co*., 187 Cal.App.3d 1502, 1508 (1986) (the most any civil defendant "ordinarily can hope to achieve is to have the plaintiff's claim thrown out completely").  No reduction in Sotheby's fees can be made on the ground that it was not completely successful.  *Envir. Protect. Info. Ctr. v. Cal. Dept. of Forestry & Fire Prot.*, 190 Cal.App.4th 217, 245 (2010) (because plaintiffs "obtained all the *results* they sought," the court's "failure to adopt some of the contentions [plaintiffs] advanced does not require reduction of the fee award") (emphasis in original; quoting *Hensley*).

## E.   California Law Does Not Require Apportionment of Sotheby's Fees

California law also precludes any apportionment of Sotheby's fees between Plaintiffs' fee-shifting claims and their non-fee-shifting claims, including the 1977 claims.  While a prevailing party can recover only the fees it incurred for work on fee-shifting claims, fees are not apportioned when they were all "incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed."  *Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 129-30 (1979).  As the Ninth Circuit stated in this case, "The general rule is that where a non-fee-shifting claim overlaps with a fee-shifting claim, it does not limit fee awards under the fee-shifting claim."  *Close II,* 909 F.3d at 1213 (citation omitted).

Sotheby's made the same arguments for dismissal of all of Plaintiffs' claims – both fee-shifting and non-fee-shifting – including Commerce Clause, preemption and takings arguments.  Sotheby's also prevailed on all of the claims, both fee-shifting and non-fee-shifting, except for Close and Dill's 1977 claims.

The first time any separate issue was raised about the 1977 claims was a very short argument in Plaintiffs' reply brief on their first appeal.  Ninth Circuit Case No. 12-56067, ECF 55-3 at 54-55 & n.11.  Prior to that time, Sotheby's made no argument about the 1977 claims in its first motion to dismiss or in its answering

15

brief on the first appeal.  On remand, Sotheby's again said nothing about the 1977 claims in its second motion to dismiss.  ECF 99.  Plaintiffs' opposition to that motion included another very short argument about the 1977 claims.  ECF 101 at 7-8 & n.4.  In its reply, Sotheby's responded only in a footnote.  ECF 106 at 4, n.2.

As in the Ninth Circuit's recent fee award, because Sotheby's briefing would have been almost identical if no issue had been raised about separate treatment of the 1977 claims, no apportionment is required.  Ninth Circuit Fee Order, ECF 172 at 10.[11]  Sotheby's should recover all of its reasonable fees.

### F.     The Fees Should Not be Reduced Based on the Parties' Stakes

In the Hearing, the Court said it may apply a negative multiplier to Defendants' fee claims because "the defendants just have more at stake in this case." Hearing Tr. at 16.  In fact, the plaintiff class in this case, as in all putative class actions, had the same stakes as Sotheby's.  Moreover, courts have consistently refused to reduce fee or cost awards against the named plaintiffs in a class action based on their personal stakes, or to require that liability for the fees or costs be spread among the entire plaintiff class, rather than just the named plaintiffs.

Plaintiffs filed this case as a putative class action, seeking millions in compensatory and punitive damages, attorneys' fees and drastic injunctive relief. Fee Motion, ECF 142 at 2-3, 9-10.  Sotheby's thus had a great deal at stake.  But as representatives of the putative plaintiff class, Plaintiffs had exactly the same stake: any damages or injunctive relief awarded against Sotheby's would have benefitted the plaintiff class in equal measure.  Both sides' lawyers have therefore accrued large fees – which Plaintiffs would have tried to recover if they had prevailed.

---

[11] *Accord Albrecht v. Tkachenko*, 2015 WL 2227607, at *1 (N.D. Cal. May 11, 2015) (declining to apportion fees because any extra work by the defendant on non-fee-shifting claims was very limited); *Love v. Mail on Sunday*, 2007 WL 2709975, at *7 (C.D. Cal. Sept. 7, 2007) (same), *aff'd*, 611 F.3d 601 (9th Cir. 2010).

Defendant Sotheby's Inc.'s Motion to Renew and
Supplement Its Motion For Attorneys' Fees

To be sure, the fees generated by the parties' lawyers dwarf the value of Plaintiffs' *personal* claims, as opposed to their *class* claims.  That is a characteristic feature of lawsuits filed as class actions.  But we know of no court that has reduced a fee or cost award against the named plaintiffs in a case filed as a class action based on the size of their personal claims.[12]

Because named plaintiffs can be personally liable for fees and costs if the defendant prevails, lawyers for class action plaintiffs often agree to indemnify their clients for any such awards.[13]  If there is no indemnification agreement, it must be presumed that the named plaintiffs were properly counseled and knew at all times that they would be liable for fees and costs if the defendant prevailed.  When plaintiffs file putative class actions under prevailing party fee-shifting statutes, they intentionally assume the risk that they will have to reimburse the defendant's fees and costs.

The leading case in California is *Van de Kamp v. Bank of Am. Nat'l Trust & Savings Ass'n*, 204 Cal.App.3d 819 (1988).  The trial court in *Van de Kamp* ordered that a cost award to the prevailing defendant be paid not just by the named

---

[12] Courts sometimes reduce fee or cost awards against impecunious plaintiffs based on proof of their inability to pay. *See Lightbourne v. Printroom, Inc.*, 2015 WL 12732457, at *8 (C.D. Cal. Dec. 10, 2015) (refusing to reduce fee award against named plaintiff who provided inadequate evidence of his finances).  The Plaintiffs in this case have never suggested they are financially unable to compensate Sotheby's for its fees.  Nor could they make that claim.  As the Court observed when it deferred Defendants' first fee motions in 2012, "Plaintiffs are established artists; there is no reason to think that Plaintiffs will not be able to pay the fees in the future."  Docket No. CV-11-8605, ECF 67 at 3.

[13] *See Lightbourne*, 2015 WL 12732457, at *8 (plaintiff's counsel indemnified the plaintiff in another class action and failed to show that no indemnification agreement existed in this case); *Keller v. Electronic Arts, Inc.*, 2015 WL 5005057, at *3 (N.D. Cal. Aug. 18, 2015) ("Class Counsel faced the substantial risk of having to pay Defendant's fees pursuant to the fee-shifting provisions of [California law]"; *Jones v. Corbis Corp.*, 2011 WL 4526084, at *1 (C.D. Cal. Aug. 24, 2011) (plaintiff's counsel "prospectively agreed to indemnify Plaintiff against any Court-ordered costs or attorney's fees"), *aff'd*, 489 Fed.Appx. 155 (9th Cir. 2012).

plaintiffs, but "by the entire class of plaintiffs on a pro rata basis." *Id.* at 867. The appellate court reversed, holding that "the entire cost burden" should be imposed on the named plaintiffs:

> All potential litigants must weigh costs of suit against likelihood of success and possible recovery before deciding to file suit. Those who choose to take the risks of litigation should be the ones who bear the cost when they are unsuccessful, not those who did not make the choice.

*Id.* at 869.

*Van de Kamp* was followed in *Earley v. Superior Court*, 79 Cal.App.4th 1420 (2000), which held that the named plaintiffs would be liable for the entire amount of the defendant's costs and fees under a fee-shifting statute.[14] *Id.* at 1431-36. Similarly, *Keller v. Bd. of Trustees of Cal. State Univ.*, 2018 WL 1871076 (Cal.App. April 19, 2018), imposed costs of more than $120,000 on the named plaintiffs, rejecting their argument that the court should reduce "the costs awarded against them as class representatives to an amount proportionate to their stake in the litigation – which in this case was about $300 each." *Id.* at *5, 10-11.

The federal rule is the same. In *Wright v. Schock*, 742 F.3d 541 (9th Cir. 1984), the Ninth Circuit rejected the named plaintiffs' argument that a substantial cost award could be shared with the entire class, holding that "[a]bsent class members have no obligation to pay attorneys' fees and litigation costs" when the defendant prevails. *Id.* at 545. And in *Cayne v. Washington Trust Bank*, 2017 WL 3749366 (D. Idaho Aug. 30, 2017), the Court awarded over $1.6 million in attorneys' fees under a fee-shifting statute, rejecting the argument that "fairness

---

[14] As "an alternative ground for the result," *Earley* also held that the fee-shifting statute did not apply in that case. *Id.* at 1431. Both alternative grounds for the Court's decision are binding precedent, not dicta. *Montantes v. Inventure Foods*, 2014 WL 3305578, at *6 (C.D. Cal. July 2, 2014) (Fitzgerald, J.) ("Under California law, 'when a decision is based on two separate grounds, neither is dictum; rather, each ground is equally valid and constitutes an alternative holding in support of the judgment.'") (citation omitted).

should dictate that the Court limit the award against the class representatives to a pro rata share of the total fee award, *i.e.*, each remaining class representative should only be assessed 1/300 of the total fee award."[15] *Id.* at *5.

While this liability for fees and costs may have a chilling effect on the filing of class actions, courts still reject arguments to reduce that liability. *E.g., Van de Kamp*, 204 Cal.App.3d at 869 (noting that "this effect easily may be outweighed by the potential recovery"). The Seventh Circuit has encouraged plaintiffs' lawyers to counter any chilling effect by agreeing to indemnify the named plaintiffs. *White v. Sundstrand C*orp., 256 F.3d 580, 586 (7th Cir. 2001) ("Entrepreneurial attorneys already supply risk-bearing services in class actions.")

Despite the possible chilling effect, it "does not follow . . . that the prevailing defendant must bear the costs." *White*, 256 F.3d at 586. As *Van de Kamp*, *Earley* and *Keller* all hold, because named plaintiffs choose to file class actions, knowing they will be liable if they lose, neither absent class members nor prevailing defendants are required to bear legal expenses for lawsuits they did not file. *See* p. 18, *supra*. The named plaintiffs are instead required to make the defendant whole for the expenses it is forced to pay.[16] Fee-shifting statutes, like the CRRA, "simply require[] the party that creates the costs to bear the expense of litigation." *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal.4th 53, 62 (2002).

---

[15] The specific fee amount in *Cayne* was awarded in a separate decision. *Cayne v. Washington Trust Bank*, 2018 WL 3939306, at *11 (D. Idaho Aug. 16, 2018).

[16] *White,* 256 F.3d at 586 (the named plaintiffs "caused this litigation to be brought, caused the costs to be incurred, and should make the prevailing party whole"); *Lankhorst v. Ind. Savings Plan Co.*, 2015 WL 5724369, at *11 (M.D. Fla. Sept. 28, 2015) (same, quoting *White*; rejecting argument that the named plaintiffs "should only be liable for their pro rata share of the costs"); *see also Weeks v. Baker & McKenzie*, 63 Cal.App.4th 1128, 1176 (1998) (the purpose of fee-shifting is to ensure that the prevailing party "will be fully compensated and will not have to bear the expense of litigation").

Defendant Sotheby's Inc.'s Motion to Renew and
Supplement Its Motion For Attorneys' Fees

Courts also place the entire fee and cost burden on the named plaintiffs because mandatory fee and cost-shifting provisions typically provide no exception for class actions.[17]  Here, the CRRA fee-shifting provision is mandatory (*Close II*, 909 F.3d at 1208), and it includes no exception for class actions.

In short, the courts have consistently held that fee and cost awards in cases filed as class actions should not be reduced based on the personal stakes of the named plaintiffs.  If a fee award under a mandatory statute were reduced on that basis, it "would eviscerate the fee shifting legislative purpose."  *Cayne*, 2017 WL 3749366, at *5.  Accordingly, Sotheby's fee award should not be reduced based on the Plaintiffs' personal stakes.

### G.   The Fees Should Not be Reduced Based on Procedural Issues

In the Hearing, the Court also questioned whether it is fair to require Plaintiffs to fully compensate Sotheby's for its fees when Plaintiffs were not responsible for some of the procedural twists of this litigation.   The Court referenced Judge Nguyen's decision to rule on Commerce Clause grounds instead of preemption, which led to the first remand; the Ninth Circuit's decision to order a second, en banc argument of the first appeal; and the Court's handling of Plaintiffs' motion for reconsideration of its preemption ruling.  Hearing Tr. at 17-19.

We know of no authority for reducing fees on that basis.  As discussed above, when multiple proceedings have been necessitated by the reversal of an

---

[17] *In re Williams Securities Litigation – WCG Subclass*, 558 F.3d 1144, 1151 (10th Cir. 2009) ("Rule 54's presumption" that a prevailing party will recoup certain costs fully applies to class actions"; upholding cost award of over $600,000 against named plaintiffs); *White*, 256 F.3d at 585-86 ("Rule 54 says that the prevailing party recovers costs and nothing in Rule 23 suggests that cost-shifting is inapplicable to class actions"); *Cayne*, 2017 WL 3749366, at *4 (same re attorneys' fees, quoting *Williams* and *White*); *Whiteway v. FedEx Kinko's Office & Print Serv., Inc.*, 2007 WL 4531783, at *3 (N.D. Cal. Dec. 17, 2007) ("neither a statute nor the Federal Rules provides any exemption from costs for named plaintiffs in a class action").  *See also Earley*, 79 Cal.App.4th at 1432 ("California's statutory authority for class actions . . . requires no different analysis" than Federal Rule 23).

initial district court ruling, courts have uniformly held that an ultimately prevailing party is entitled to its full fees for both the intermediate appeal and the prior district court proceeding. *See* pp. 11-13, *supra*. Fees have been awarded even when additional proceedings were required because of judicial errors that were not attributable to any argument by the parties.[18] *E.g., Retained Realty, Inc. v. Spitzer*, 643 F. Supp.2d 228, 238-39 (D. Conn. 2009) (fees for additional proceeding caused by the court's misreading of a statute); *Butler v. Frett*, 2006 WL 1806412, at *8 (D.N.J. June 29, 2006) (fees for first trial and appeal even though "the appeal was necessitated by the district court's error rather than any error of counsel").

As discussed, the purpose of a fee award is to ensure that a prevailing party is fully compensated for the fees it was forced to pay. Under mandatory fee-shifting statutes like the CRRA, a denial of full compensation undermines the Legislature's intent. *See* p. 18-20, *supra*.

### H.   Sotheby's Should Recover its Fees for Its 2012 Fee Motion

The Court also indicated when the Fee Motion was heard that it might deny fees for the fee motions Defendants filed in 2012, because Plaintiffs prevailed on their argument that those fee motions should be deferred pending appeal. Denying fees on that basis would not give proper weight to the specific circumstances of the 2012 fee motions. Those circumstances strongly support a fee award.

Under Federal Rule 54, "[u]nless a statute or a court order provides otherwise," a fee motion must "be filed no later than 14 days after the entry of judgment." F.R.C.P. 54(d)(2)(B)(i). If a fee motion is not timely filed, then the right to attorneys' fees is waived. *Bender v. Freed*, 436 F.3d 747, 749-50 (7th Cir.

---

[18] The Court suggested in the Hearing that neither side was responsible for the en banc argument in Plaintiffs' first appeal. Hearing Tr. at 18-19. While Plaintiffs should reimburse Sotheby's in any event, they do have some responsibility for the en banc argument. The Ninth Circuit's *sua sponte* order only suggested the possibility of an en banc hearing. Plaintiffs responded by arguing *for* that hearing, while Defendants opposed. Ninth Circuit Case No. 12-56067, ECF 91-94.

2006); *Logue v. Dore*, 103 F.3d 1040, 1047 (1st Cir. 1997) (defendant "waived the right to attorneys' fees by his conceded failure to file and serve a properly supported application within fourteen days of the entry of judgment").

In 2012, Plaintiffs and Defendants negotiated – and the Court approved – a stipulation that provided for bifurcation of Defendants' fee motions, with briefing first on Plaintiffs' liability for attorneys' fees and then, if liability were found, on the amount of fees. The same stipulation required Defendants' liability briefs to be filed within 21 days after the entry of judgment. ECF 49-50. It was not until after Defendants filed those briefs that Plaintiffs first argued – or even suggested – that the fee motions should be deferred pending Plaintiffs' appeal from the judgment. ECF 62 at 4.

At the time Defendants filed their liability briefs, they rightly believed that the filing was required to preserve their fee claims. If Defendants had not filed their briefs at that time, Plaintiffs would never have made their (surprising) argument for deferral, and Defendants would have waived their claim for the attorneys' fees incurred in the entire litigation before Judge Nguyen. Under the circumstances, there is no basis for denying Sotheby's a fee award for its 2012 fee motion, since that motion was indispensable in preserving Sotheby's fee claim.[19]

## I.   Sotheby's is Entitled to Fees for Settlement Negotiations

When the Fee Motion was filed, the parties had not yet had any significant settlement negotiations or communications. Since that time, there have been many such communications, as reflected in the time records attached to the accompanying declarations. Although the issue has not arisen often, the courts have uniformly

---

[19] The Court also suggested in 2017 that it may deny fees for Defendants' 2016 ex parte motion, which sought to defer Defendants' second fee motions until after Plaintiffs' second appeal. The ex parte motion argued, among other things, that the Ninth Circuit's decision on appeal could provide guidance for the fee motions in this Court. ECF 125 at 4-5. As discussed, the Ninth Circuit's recent ruling has resolved most of the issues raised by Sotheby's Fee Motion.

held that a prevailing party should recover fees for unsuccessful settlement negotiations. *Estiverne v. Esernio-Jenssen*, 908 F. Supp.2d 305, 310 (E.D.N.Y. 2012) (citing cases); *Trainor v. HEI Hospitality LLC*, 2012 WL 119597, at *10 (D. Mass. Jan. 13, 2012), *aff'd in pertinent part*, 699 F.3d 19 (1st Cir. 2012).  Sotheby's should therefore receive an award for its fees for settlement negotiations and communications between the parties in this case.

## II.   Sotheby's is Entitled to a Default Judgment Against the Graham Plaintiff

Under the CRRA, Sotheby's is entitled to a fee award against Plaintiff Estate of Robert Graham (*i.e.*, the Graham Plaintiff) for all the reasons discussed above. Sotheby's is also entitled to a fee award against the Graham Plaintiff because it is not a proper party and therefore is not allowed to contest Sotheby's fee claim.

In granting the Substitution Motion, the Court said that, "Having already concluded that the Estate cannot sue or be sued, the Court cannot allow the Estate to litigate the Fees Motions."  ECF 150 at 4.  The Court quoted *Smith v. Vanowen Canoga Apts., LLC*, 2015 WL 401360, at *1 (C.D. Cal. Jan. 28, 2015), which held that a party – like the Estate – that lacks capacity to sue  cannot "take any action, in court, in its defense, once suit has been commenced against it." *Id.* (striking answer of defendant that lacked capacity).

Before the Hearing, the Court believed that "the Estate maintained that it had been dismissed previously for failure to amend," and if that were true, the dismissal for failure to amend "would have prevented the Estate from pursuing an appeal of the preemption dismissal or contesting attorneys' fees." *Id*. at 5.  The Court did not enter an order at that time precluding the Estate from "contesting attorneys' fees" only because Plaintiffs' counsel said that they would file an amended complaint disclosing the identity of the Graham Plaintiff.

Thereafter, Plaintiffs told the Ninth Circuit that the Estate of Robert Graham would *not* appeal this Court's dismissal for lack of standing; the appeal was

23

1   dismissed; and this Court was advised that an amended complaint would *not* be

2   filed.  The Graham Plaintiff accepted a final dismissal of its claims, which bars it

3   "from contesting attorneys' fees."  ECF 150 at 5.

4   In cases like *Smith*, involving corporations that lack capacity to litigate, the

5   rule is that a default judgment should be entered on claims asserted against those

6   corporations.  *United States v. Healthwin-Midtown Convalescent Hosp. & Rehab.*

7   *Center, Inc.*, 511 F. Supp. 416, 418 (C.D. Cal. 1981) (because Healthwin lacked

8   capacity, the court "ordered that Healthwin's answer in this action be stricken and a

9   default judgment entered"); *Weinstock v. Sinatra*, 379 F. Supp. 274, 277 (C.D. Cal.

10  1974) (so long as corporate defendant failed to pay taxes and therefore lacked

11  capacity, it "must suffer the consequences of its act – upon application of the

12  plaintiff, the entry of a default judgment against it") (citing cases).

13  Here, when the Graham Plaintiff decided not to file an amended complaint

14  disclosing its identity, it knew that the Court had already ruled that it would be

15  barred from contesting attorneys' fees if it made that decision.  The Court should

16  therefore enter a default judgment against the Graham Plaintiff, awarding attorneys'

17  fees to Sotheby's.[20]

18  **III.   Sotheby' Fee Request Should be Granted**

19  The standards for determining whether a fee request is reasonable are

20  discussed in Sotheby's prior Fee Motion.  ECF 142 at 6-15; ECF 146 at 4-12.

21  As described in detailed declarations, Sotheby's lawyers have worked 520.7

22  hours and billed $388,099.57 in fees, in addition to the hours and fees discussed in

23

24

---

25  [20] As discussed in the Substitution Motion, Sotheby's is also entitled to a fee award against the Graham Plaintiff because it filed the Estate of Robert Graham claims

26  without any legal authority.  ECF 147 at 9.  When the Substitution Motion was heard, Plaintiffs' counsel postponed that issue by proposing to amend the complaint

27  to identify the Graham Plaintiff.  Since no amendment was filed, the issue remains. Sotheby's reserves its right to seek fees from the Graham Plaintiff on that basis.

28

Defendant Sotheby's Inc.'s Motion to Renew and
Supplement Its Motion For Attorneys' Fees

the Fee Motion.[21]  Comet Renewal Decl. ¶¶ 5, 20; Maynard Renewal Decl. ¶¶ 3-4.
That work was reasonably required to litigate the fee-shifting claims on which
Sotheby's has finally prevailed.  The rates billed for that work were also reasonable
and consistent with rates in comparable litigation.  McDowell Renewal Decl. ¶4.

The fees were discounted from the regular rates of Sotheby's lawyers, saving
approximately $51,000.   Comet Renewal Decl. ¶4; Maynard Renewal Decl. ¶4.
Sotheby's is also not seeking approximately $43,000 in fees and expenses it
incurred in proceedings in this Court and the Ninth Circuit.  Comet Renewal Decl.
¶¶8, 13-14, 19; Maynard Renewal Decl. ¶¶14-17.

For the reasons discussed above and in the Fee Motion, all of the fees that
Sotheby's seeks to recover were incurred in connection with arguments that were
reasonable for Sotheby's lawyers to make at the time they were made.  Sotheby's
should therefore be compensated by the Plaintiffs for all of those fees under the
CRRA.  A default judgment should also be entered against the Graham Plaintiff for
the reasons discussed above.

## CONCLUSION

The Court should award Sotheby's $2,001,623.68, as requested in the Fee
Motion, and additional fees of $388,099.57, for a total of $2,389,723.25.

Dated:  September 23, 2019            WEIL, GOTSHAL & MANGES LLP


                                     By:  ___/s/Howard B. Comet_____
                                              Howard B. Comet

                                     Attorneys for Defendant
                                     SOTHEBY'S INC.

---

[21] Sotheby's fee request in this memorandum includes only fees incurred through
September 16, 2019.  Comet Renewal Decl. ¶¶ 2, 20.  Sotheby's reply papers will
request subsequent fees.  *Id.* ¶21.

Defendant Sotheby's Inc.'s Motion to Renew and
Supplement Its Motion For Attorneys' Fees